UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS, HOUSTON DIVISION

| | |
|---|---|
| DAVID RAMIREZ § § Plaintiff § § § CIVIL ACTION NO. _____ v. § ADMIRALTY/JURY § INTERNATIONAL DIVERS CO, INC. § d/b/a BEST BET LINE HANDLERS and § SEAMAN'S COMPLAINT & PACC CONTAINER LINE PTE LTD, § SUPPLEMENTAL RULE B A WHOLLY OWNED SUBSIDIARY § ATTACHMENT OF PACIFIC CARRIERS LIMITED | |

Defendants

### SEAMAN'S COMPLAINT & REQUEST FOR ATTACHMENT UNDER SUPPLEMENTAL ADMIRALTY RULE B

NOW INTO COURT, through undersigned counsel, comes Plaintiff, David Ramirez (hereinafter sometimes referred to as "Ramirez" or "Plaintiff"), a resident and domiciliary of the State of Texas, complaining of and about Defendant, International Divers Co., Inc. d/b/a Best Bet Line Handlers ("Best Bet") and PACC Container Line Pte Ltd., a wholly owned subsidiary of Pacific Carriers Limited, ("PACC") and for cause of action would show unto the Court the following:

### Jurisdiction

1. Firstly, this Honorable Court has subject matter jurisdiction over the claims asserted herein under 28 U.S.C.A. §1331 and §1333. Plaintiff's claims against Best Bet arise under the Jones Act, 46 U.S.C.A. §30104 *et seq.* and the General Maritime Law. PACC is a foreign entity whose principal place of business is No. 1 Kim Seng Promenade, Great World City #6 -02, Singapore 237994. Plaintiff's claims against PACC are cognizable under diversity subject matter jurisdiction 28 U.S.C.A. §1332, and under the general maritime law 28 U.S.C.A. §1333. Upon information and belief PACC does not regularly conduct business within the territorial limits of the State of Texas and is not registered to do business in the State of Texas. Upon information and belief the only property of PACC that is or will be located within the territorial limits of the State of Texas will be the M/V PAC SEGINUS which is scheduled to call on the Port of Houston on

October 20, 2016. Plaintiff's claims are cognizable under 28 U.S.C. §1333 because Plaintiff seeks attachment pursuant to Supplemental Admiralty Rule B of the M/V PAC SEGINUS for injuries caused to Plaintiff by her sister vessel and crew of the M/V PAC SHAULA.

2. Ramirez respectfully requests that this Court exercise personal or *in personam* jurisdiction over International Divers Co., Inc. d/b/a Best Bet Line Handlers as it is organized under the laws of the State of Texas and routinely engages in business within the territorial limits of the Southern District of Texas. Ramirez respectfully requests that this court exercise *in personam* jurisdiction over PACC because it caused its vessels to call upon various ports of call within the State of Texas and Texas waters and because the injuries to Plaintiff were proximately caused by the negligence of the crew of the M/V PAC SHAULA in the Port of Corpus Christi. Upon information and belief the only property of PACC that is or will be located within the territorial limits of the State of Texas and the Southern District of Texas will be the M/V PAC SEGINUS which is scheduled to call on the Port of Houston on October 20, 2016.

## Venue

3. Venue is appropriate in the United States District Court for the Southern District of Texas, pursuant to 28 U.S.C.A. §1391(b)(2) because a substantial part of the events or omissions giving rise to Ramirez's claims occurred within the territorial limits of the Southern District of Texas and because PACC's property will be present in the Southern District of Texas.

## Factual Background

4. On or about August 18, 2015, between approximately 1130 and 1230 hours Ramirez was working as a line handler for Best Bet within the territorial limits of the Port of Corpus Christi which is located within the Southern District of Texas. Ramirez and one other man were aboard a 26 foot aluminum line handling vessel owned and operated by Best Bet. Best Bet owns and operates a fleet of 26 foot aluminum line handling vessels that it assigns its employees to. Best Bet's employees, including Ramirez, are regularly exposed to the perils of the sea because they spend the majority of their work time aboard these line handling vessels helping tie up or untie larger vessels such as bulk carriers and oil tankers. When large vessels such as those owned and operated by PACC call upon

ports in the United States and the Southern District of Texas, the crews of the various vessels will lower large mooring lines to the line handlers who then drive the large mooring lines to the chocks or cleats on the dock to secure the vessel. On the aforementioned date and time, employees and crew members of the M/V PAC SHUALA, which is owned and operated by PACC, while acting in the course and scope of their employment with PACC improperly engaged a capstan on the vessel and began tightening the mooring line. Because Best Bet had not assigned sufficient personnel to the line handling vessel, did not equip the line handling vessels with bullhorns or other means of communication and had an insufficient number of line handling vessel's assigned to this task, Plaintiff was trying to steer a line handling vessel and help with the mooring lines from the M/V PAC SHUALA. During this process, Plaintiff's left leg was caught in the mooring line. Despite repeated requests to the crew of the M/V PAC SHUALA to stop the capstan, the mooring line continued to tighten. The mooring line coiled around Ramirez's left leg and pulled him beneath a steel bar at the rear of the line handling vessel. Ramirez's left leg was repeatedly broken and he suffered a compound fracture of his left lower leg with compartment syndrome. Ramirez underwent at least three (3) surgeries, lost time from work, and ultimately lost more than half of his left calf.

### Supplemental Rule B Attachment

5. Ramirez re-alleges and re-avers the allegations contained in paragraphs 1-4 above. Despite a diligent search, PACC cannot be located within the Southern District of Texas, but assets of PACC, specifically the M/V PAC SEGINUS will be located within the Port of Houston on October 20, 2016. This vessel/property may be attached pursuant to Supplemental Rule B of the Federal Rules of Civil Procedure.

### Negligence/Maritime Torts of PACC

6. Ramirez re-alleges and re-avers the allegations in paragraphs 1-4 above. PACC, acting through its agents, servants and employees who were working on the M/V PAC SHUALA, a vessel owned by PACC, negligently ignored repeated requests to not engage the capstan and to stop the capstan, and failed to provide sufficient and/or properly trained lookouts, all resulting in serve, painful, and grievous injuries to Plaintiff.

### Jones Act Claims Against Best Bet

7. Ramirez re-alleges and re-avers the allegations contained in paragraphs 1-4 above. At all times material hereto, Ramirez was a "seaman" as that term is employed and construed under the Jones Act, 46 U.S.C.A. chapter 301. At all times material hereto, Ramirez was an employee of Best Bet and was acting within the course and scope of his employment when he was injured. That pursuant to the Jones Act, Best Bet had an affirmative duty to provide Ramirez with a safe place to work, a properly trained and adequate crew, and adequate tools to safely perform his job. A direct and proximate cause of Ramirez's injuries and damages was the negligence of Best Bet in failing to provide a safe place to work, failing to provide a properly trained and adequate crew, failing to provide adequate safety materials, and failing to properly conduct, supervise, main, train or direct the operation being conducted at the time of Ramirez's injury, damages and disability.

### Unseaworthiness Claim Against Best Bet

8. Ramirez re-alleges and re-avers the allegations contained in paragraphs 1-4 and paragraph 6. That pursuant to the General Maritime Law of the United States, Best Bet owed a non-delegable duty to Ramirez to provide him with a safe place to work, with a competent and adequate crew, with safe gear, safe appurtenances and equipment and a seaworthy vessel. Best Bet's failure to provide Ramirez with a seaworthy line handling vessel that was properly staffed with competent and adequate crew, with safe gear, safe appurtenances and equipment were a specific and proximate cause of Plaintiff's injuries, damages, and disability.

### Damages

9. As a result of the acts of Defendants set out above, Plaintiff, David Ramirez, sustained severe and permanently disabling injuries to his body and mind, more particularly significant injuries to his left leg and other parts of his body which have caused and will continue to cause severe physical, emotional and mental pain and anguish and distress; Plaintiff has sustained a permanent disability and loss of physical function; he has been rendered unable to return to his former employment; he has incurred loss of wages and loss of earning capacity, and he will incur future loss of wages and loss of future wage earning capacity; he has incurred and will incur medical expenses, past, present and future; Plaintiff

4

has also sustained disfigurement; all for which Plaintiff, David Ramirez is entitled to recover damages.

## Maintenance & Cure

10. That upon Ramirez becoming injured Best Bet became obligated to furnish Ramirez with maintenance and cure until such time as he has reached maximum medical improvement. Best Bet has failed and/or refused to pay appropriate maintenance and cure to Ramirez. Such refusal by Best Bet has been arbitrary and capricious and Plaintiff, David Ramirez, is entitled to recover additional damages from Best Bet in the nature of exemplary damages and attorney's fees.

## Jury Demand

11. Plaintiff, David Ramirez, respectfully requests trial by jury on his claims.

## Prayer

**WHEREFORE**, Plaintiff, David Ramirez, Inc. prays:

1. That process according to the practice of this Court issue against Defendant, International Divers Co., Inc. d/b/a Best Bet Line Handlers;
2. That if Defendant, PACC Container Line Pte Ltd. cannot be found within this district as stated in the affidavit attached here, that all of its property within this District, including the M/V PAC SEGINUS, be attached as set forth in this Complaint, with interest and costs;
3. That the Court enter judgment against Defendants in the amount of $2,000,000, together with interest and costs;
4. That pursuant to Supplemental Admiralty Rule B of the Federal Rules of Civil Procedure, process of maritime attachment and garnishment issue against Defendant's vessel, the M/V PAC SEGINUS belonging to Defendant and which is scheduled to call on the Port of Houston on October 20, 2016.
5. That Plaintiff be awarded attorney's fees and exemplary damages against International Divers Co., Inc. d/b/a Best Bet Line Handlers; and
6. That Plaintiff be granted all such other and further relief as the Court may deem just and proper.

Respectfully submitted,

**Bandas Law Firm**

/s/ Robert J. Sigler
_____
Federal ID No. 12586
Texas Bar No. 18347750
500 N. Shoreline Blvd, Ste 1020
Corpus Christi, Texas 78471
Tel. 361.698.5200
Fax. 361.698.5222
Via E-mail: rsigler@bandaslawfirm.com
Attorney for Plaintiff

**U.S. Marshal Please Serve**
Master
M/V PAC SEGINUS, Port of Houston

**Process Server Please Serve**
International Divers Co, Inc. d/b/a
Best Bet Line Handlers:
By and through its registered agent for service of process:
Mr. Peter S. MacCallum, Jr.
770 Canyon Trail
Lakehills, TX 78063 or

1800 East Navigation
Corpus Christi, TX 78402
361.884.9922